UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

BRIAN HARRIS
3112 60th Street
Kenosha, WI 53144,

         Plaintiff,           **FEDERAL COMPLAINT**

v.                                                   Case No. 23CV

CITY OF KENOSHA
625 52nd Street, Kenosha, WI 53140,
CITY OF KENOSHA POLICE
OFFICER ERIC FISH
6303 93rd Ave
Kenosha, WI 53142,

         Defendants.
_____

NOW COMES the Plaintiff, by his duly authorized attorney, Walter W. Stern, and for a Complaint against the above-named Defendants, alleges and shows to the Court, as follows:

## NATURE OF THE CASE

1. Plaintiff BRIAN HARRIS (hereinafter "Plaintiff" or "HARRIS") brings this action against the Defendants CITY OF KENOSHA ("KENOSHA"), Officer ERIC FISH ("FISH"), due to an alleged false arrest which occurred on December 31st, 2021 in the City of Kenosha.

## JURISDICTION AND VENUE

2. That the jurisdiction of this Court is invoked in accordance with Title 28 USC §1331 and Title 28 USC § 1343, alleging a violation under Title 42 USC § 1983, commonly known as the Civil Rights Act, this being a suit in law or equity, authorized by law to be brought to provide a remedy with respect to the deprivation, under the color of state law, statutes,

regulations, and customs of the State of Wisconsin, of the rights, privileges and immunities secured by the federal law in the Constitution of the United States, pursuant to the 4th and 14th Amendments to the United States Constitution.

## PARTIES

3. Plaintiff BRIAN HARRIS (hereinafter "Plaintiff" or "HARRIS"), is an adult resident of the State of Wisconsin, residing at 3112 60th Street, Kenosha, WI.

4. Defendant CITY OF KENOSHA is a municipal corporation, organized under the laws of the State of Wisconsin, is a "person" for purposes of 42 U.S.C. § 1983 and "public entity" under 42 U.S.C. § 1213(1).

5. Defendant ERIC FISH (hereinafter "FISH") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant FISH was employed by the City of Kenosha Police Department. Upon information and belief, at all times material hereto, Defendant FISH acted pursuant to Wisconsin law, custom and statutes in effect in the State of Wisconsin in his individual capacity as a police officer for the City of Kenosha and/or acting in individual capacity to detain, arrest, and incarcerate the Plaintiff and others similarly situated. At all times pertinent, FISH had a duty to respect and apply the law of search and seizure pursuant to the 4th and 14th Amendments to the United States Constitution.

## FACTS

6. That on or before December 31st, 2021 at 12:48 am, the Plaintiff was walking near the Model Market neighborhood in Kenosha, Wisconsin through an alleyway in between 23rd and 24th Avenue, it being dark and also being African-American in said alley in the 54th block and 23rd Avenue in the City and County of Kenosha.

7. That at the time, date and place alleged hereto, the Plaintiff was completely

innocent of any wrongdoing, had not violated any City or County ordinance, had not committed any crime or violation of law. He was a black man, wearing black clothing, walking down an alleyway during the darkness, which was his only alleged "crime" Officer Fish believed he was committing.

8. That FISH stopped said Plaintiff for no legitimate reason, asking his name, handcuffed him and took him into custody to the Kenosha County Jail.

9. That this stop was without articulable suspicion that the Plaintiff had committed or was in the process of committing any crime against the State of Wisconsin or City of Kenosha.

10. That said Plaintiff was brought to the Kenosha County Jail, was booked and photographed for obstructing an officer, which presumes that the Officer was acting with lawful authority when he stopped and ultimately arrested Plaintiff without articulable suspicion or probable cause demanded by the 4th and 14th Amendment to the United States Constitution.

11. That the Plaintiff was ultimately prosecuted by the Kenosha County District Attorney's Office for obstructing an officer alleged to be contrary to § 946.41(1) and § 939.51(3)(a) of the Wisconsin Statutes, a Class A misdemeanor.

12. That the Plaintiff was charged, but the charge was dismissed due to lack of articulable suspicion to stop said Plaintiff and lack of probable cause by the Assistant District Attorney's motion on or about January 3, 2023, by the Hon. Anthony Milisauskas, Kenosha County Circuit Court, Branch 4.

13. That during the course of the Plaintiff's processing, the Plaintiff was under bond conditions and otherwise was restricted with respect to his liberty, contrary to the 4th and 14th

Amendments to the United States Constitution and contrary to the equal protection clause of the 14th Amendment, all part of the Bill of Rights in the United States Constitution.

14. That not only did Plaintiff lose his liberty during the course of the criminal prosecution, but an arrest warrant was issued by Kenosha County Court Commissioner Loren Keating and ultimately the Plaintiff was arrested and required to appear before the Kenosha County Court Commissioner who issued an arrest warrant and a cash bond of $500.

15. Said Plaintiff appeared before the Court Commissioner on or about January 12, 2022.

16. That the Plaintiff was required to experience the effect of a criminal prosecution with the effect being his loss of liberty pursuant to the criminal prosecution.

17. The bond conditions further restricted Plaintiff's liberty pursuant to the 4th and 14th Amendments to the United States Constitution and the equal protection clause of the 14th Amendment to the United States Constitution.

18. That with respect to Defendant FISH, he arrested the Plaintiff based upon his race, to wit: African-American, contrary to the equal protection clause of the 14th Amendment of the United States Constitution.

19. In January of 2023, the Kenosha County Racial and Ethnic Equity Committee found that black adults were nearly seven times more likely to be arrested in Kenosha County than Caucasians. The commission issued a statement that the "appearance of racial unfairness by law enforcement is a serious community problem" and that "prompt, consequential action" by county government should be pursued. No such action has been undertaken.

20. Kenosha County has had a continual policy and custom tacitly condoning its

officers, agents and employees to arrest African-Americans more frequently than Caucasian individuals for the same exact offense; African-Americans are also stopped specifically by white police officers at a more frequent rate than Caucasians who are similarly situated.

21. That the Plaintiff was arrested for providing a false name, but should not have been stopped in the first place under the 4th and 14th Amendment to the United States Constitution and the equal protection clause under the United States Constitution.

22. It was well known to be a custom and practice by members of the Kenosha Police Department that African-Americans are stopped at a more frequent rate than Caucasians in cases similarly situated.

23. This fact has been known by Kenosha County government, including the Kenosha County Board and City of Kenosha officials, for many years and led to the establishment of the Kenosha County Racial and Ethnic Equity Committee in an effort to study and theoretically rectify the racial disparities in Kenosha County.

24. That when Defendant FISH stopped the Plaintiff, he had done nothing wrong; FISH was dressed in full uniform, including a weapon; and any reasonable person, including the Plaintiff, understood that he was being detained and ultimately arrested.

25. As a proximate cause for the allegations of the 4th and 14th Amendments and the equal protection clause of the 14th Amendment to the United States Constitution by Defendant City of Kenosha and Defendant FISH, Plaintiff suffered pain, suffering, humiliation and severe distress justifying an award of compensatory damages in an amount to be determined by the trier of fact.

26. That the Plaintiff being stopped for innocent conduct was done maliciously and/or

recklessly, justifying an award of punitive damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

1. An award of compensatory damages compensating him for injuries, both temporary and permanent, caused by the actions and inactions of said Defendants;

2. An award of punitive damages to be determined by the jury;

3. A consent decree to prevent arrests based upon racial factors occurring in the future;

4. An award of attorney's fees and costs pursuant to Section 42 USC 1988; and

5. For any other relief this Court deems just and equitable.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 8th day of September, 2023

By: *electronically signed by Walter W. Stern III*
Attorney Walter W. Stern III
Attorney for Plaintiff
Bar No. 1014060
920 85th St., Suite 123
Kenosha WI 53143
Phone: (262) 880-0192
Fax: (262) 997-1101
Email: wwstern111@gmail.com